# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS PRESTON SMTIH,** | : | |
| Petitioner, | : | |
| | : | No. 1:19-cv-1068 |
| v. | : | |
| | : | (Judge Rambo) |
| **KEVIN KAUFFMAN, et al.,** | : | |
| Respondents | : | |

## **MEMORANDUM**

On June 24, 2019, *pro se* Petitioner Douglas Preston Smith ("Smith"), who is presently confined at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and submitting the requisite filing fee (Doc. No. 4). On June 26, 2019, the Court issued an administrative order in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), instructing Smith that he could (1) have the petition ruled on as filed – that is, as a § 2254 petition for writ of habeas corpus – but lose his ability to file a second or successive petition, absent certification by the court of appeals; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 5.) The Court informed Smith that his failure to return the Notice of Election Form would result in the Court ruling on his current § 2254 petition as filed. (*Id.*)

On July 8, 2019, the Court received a "Notice of Contract and Reaffirmation Under the Jurisdiction for the United States of America" from Smith. (Doc. No. 6.) Attached to this document was the Court's June 26, 2019 administrative order and Notice of Election Form, over which Smith wrote "Refuse for Cause Consent Not Given Permission Denied Without Dishonor/UCC 3-501(3)(ii)." (*Id.* at 8-12.) Given Smith's failure to return a completed Notice of Election Form, the Court will rule upon his § 2254 petition as filed. Accordingly, the Court will review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and, for the following reasons, dismiss the petition without prejudice.

## I. BACKGROUND

On October 31, 2013, following a jury trial, Smith was found guilty of criminal homicide and third-degree murder. *See Commonwealth v. Smith*, CP-21-CR-0002675-2010 (C.C.P. Cumberland Cty.).[1] On December 31, 2013, he was sentenced to a minimum of twenty (20) years and a maximum of forty (40) years. *Id.*

---

[1] In addition to the § 2254 petition, the Court utilized the Unified Judicial System of Pennsylvania Web Portal to review the relevant dockets for Smith's criminal proceedings. A district court may take judicial notice of state court records, as well as its own. *See Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

Following the denial of post-sentence motions, Smith appealed to the Superior Court of Pennsylvania. *See id.*; *see also Commonwealth v. Smith*, No. 1977 MDA 2015, 2016 WL 7330624 (Pa. Super. Ct. Dec. 16, 2016). During appellate proceedings, Smith "presented an after-discovered evidence claim and requested a remand for an evidentiary hearing." *Smith*, 2016 WL 7330624, at *1. On December 16, 2016, the Superior Court granted Smith's request and remanded the matter to the trial court for further proceedings. *Id.*

On remand, Smith, through counsel, also filed a Post-Conviction Relief ("PCRA") petition. *See Smith*, CP-21-CR-0002675-2010. On July 17, 2018, the PCRA court denied relief. *Id.* Smith subsequently appealed to the Superior Court. *Id.*; *see also Commonwealth v. Smith*, 1335 MDA 2018 (Pa. Super. Ct.). The Superior Court's docket sheet reflects that appellate proceedings are still pending before that court.

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner." *See* Rule 4, 28 U.S.C. foll. § 2254. Based upon the petition and the state court docket, the Court concludes that this petition is unexhausted.

Before seeking federal habeas corpus relief, the provision of the federal habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state-court remedies. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See, e.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts the state courts on notice that a federal claim is being asserted. *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion would be considered satisfied). The exhaustion doctrine is rooted in the tradition of comity, and the state must be given

the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional] rights." *See Alston v. Diguglielmo*, No. 07-cv-2618, 2009 WL 2096214, at *2 (E.D. Pa. July 14, 2009) (quoting case omitted). The petitioner has the burden of establishing that exhaustion has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

It is apparent from the procedural history set forth above that Smith has not exhausted his state court remedies. As is evident from the docket of the Superior Court, Smith's appellate proceedings regarding the denial of his PCRA petition are currently pending before the Superior Court. *See Smith*, 1335 MDA 2018 (indicating that the matter is awaiting decision). Thus, this Court must allow for state proceedings to conclude before entertaining Smith's habeas petition. *See O'Sullivan*, 526 U.S. at 845.[2]

Because Smith's appellate proceedings remain pending, the one-year statute of limitations will not bar a subsequent habeas petition. Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254 petition. For purposes of the instant petition, that period starts to run from the date the conviction becomes final, defined in § 2241(d)(1)(A) as "the date on which the judgment became final

---

[2] The Court recognizes that the exhaustion requirement may be excused where the opportunity to obtain relief in state courts was lacking or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Kozak v. Pa.*, No. 3:12-cv-1153, 2012 WL 4895519, at *4 (M.D. Pa. Oct. 15, 2012). These extraordinary circumstances are not present here. Smith has neither alleged nor shown any deficiency or irregularity in the state corrective process to warrant exemption from the exhaustion rule.

by the conclusion of a direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period is also tolled for the "time during which a properly filed application for [s]tate post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." *See id.* § 2244(d)(2).

Given the current status of his state proceedings, even on the strictest calculation of the limitations period, Smith has an opportunity to return to federal court after exhausting his state court remedies. Accordingly, the Court will dismiss the petition without prejudice to Smith's right to refile the petition promptly at the conclusion of his state court proceedings should he elect to do so. *See Myers v. Warden of SCI-Albion*, No. 4:08-cv-100, 2010 WL 1838178, at *5 (M.D. Pa. May 6, 2010) (dismissing habeas petition without prejudice to allow the state proceedings to conclude before entertaining the unexhausted claim in federal court).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

### III. CONCLUSION

For the foregoing reasons, Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed without prejudice for his failure to exhaust state-court remedies, and a COA shall not issue. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 13, 2019